UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SHARON CHAIRMAN,

                                      Plaintiff,

              -against-                          **COMPLAINT AND JURY DEMAND**

THE CITY OF NEW YORK, POLICE OFFICER WITH
BADGE # 3871, POLICE OFFICER WITH BADGE #
13904, JOHN DOE POLICE OFFICERS ## 1-4,

                                      Docket # 14CV5724

                                      ECF CASE

                            Defendants.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of her rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a July 21, 2013 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Plaintiff to, among other things, false arrest and false imprisonment, excessive force, and the unlawful intrusion into her home.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Defendant police were at all relevant times employees of the NYPD, and are sued in their individual and official capacities.

10. At all times here mentioned the individual Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. AT approximately 5:00 pm on July 21, 2013, Plaintiff was home at 1004 Montgomery St., Brooklyn, NY when 2 police officers approached her apartment demanding that she lower her music. Plaintiff complied, instructing her daughter, Destiny, to shut off the music.

13. Plaintiff saw one police officer who appeared to be waiting for her on the staircase outside of her apartment. Plaintiff exited her apartment and had a verbal exchange with the officer on the staircase. Feeling harassed, Plaintiff went back inside her apartment.

14. The officer, without consent, pushed past Destiny and entered the apartment after Plaintiff. The officer followed Plaintiff into her bedroom and demanded her "license". The officer then pushed her onto the bed, punched her in the back, and patted her down.

15. While being assaulted in the bedroom, her breasts became exposed due to the officers' illegal assault. She was taken into the hallway of the apartment building, still exposed, and searched there by a female officer.

16. Police recovered no contraband. She was handcuffed and transported to the Kings County Hospital Psychiatric Center. Police officers may cause a person to be involuntarily committed to psychiatric care if they have a reasonable belief that the person has a mental disease that may cause her to seriously injure or kill herself or another. Medical records indicate that they brought her for a psychiatric evaluation because she "became angry and took off her clothes". Plaintiff did not take of her clothes, her clothes came off because of the officer's assault and refusal to arrange her clothes thereafter so that she would be covered.

17. Personnel at Kings County Hospital, at the behest of defendant officers, held her in the hospital for a mental and physical evaluation against her will. About six hours after first encountering the police, Plaintiff was released from the hospital. The discharging doctor noted "Risk assessments for harm to self or others done. Patient found not to be a danger to self and others at this time and there is no indication for continued inpatient psychiatric admission." No charges were filed against Plaintiff.

18. Plaintiff suffered from depression as a direct result of this incident.

19. At all times during the events described above, the Defendants were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each

3

other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

20. During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

21. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a.    Violation of her rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b.    Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c.    Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d.    Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e.    Physical pain and suffering;

    f.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; deprivation of familial relationship; and

    g.    Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983 – FALSE ARREST AND IMPRISONMENT)

22. The above paragraphs are here incorporated by reference.

23. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 USC § 1983.

24. By falsely arresting and imprisoning Plaintiff, and causing her to be transported to a psychiatric hospital and causing her to be kept their against her will, Defendants' conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution. Defendants' conduct also deprived Plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

25. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(42 USC § 1983 – EXCESSIVE FORCE)

26. The above paragraphs are here incorporated by reference.

27. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 USC § 1983.

28. By assaulting her for no legitimate law enforcement or other purpose, Defendants' conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution. Defendants' conduct also deprived Plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

29. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## THIRD CAUSE OF ACTION
(42 USC § 1983 – UNLAWFUL ENTRY INTO HOME)

30. The above paragraphs are here incorporated by reference.

31. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 USC § 1983.

32. By entering her home and her bedroom without any occupants' consent, without a warrant and without exigent circumstances, Defendants' conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution. Defendants' conduct also deprived Plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

33. Plaintiff has been damaged as a result of Defendants' wrongful acts.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         September 25, 2014

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007

Yours, etc.,

*/s/ Leo Glickman*

Leo Glickman
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
lglickman@stollglickman.com

7